UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

UNITED STATES OF AMERICA

VS.                                    CASE NO: 2:14-cr-20-FtM-29CM

JAMES G. HOOD

_____

**ORDER**

This matter comes before the Court on Defendant James Hood's Motion to Revoke Detention Order (Doc. #102) filed on August 23, 2014. Defendant caused the transcript of the detention hearing (Doc. #114) to be filed on September 18, 2014, and filed a Supplement (Doc. #116) on September 22, 2014. The government filed a Response (Doc. #117) on September 29, 2014.

The Superseding Indictment (Doc. #31) charges defendant James G. Hood with conspiracy to possess with intent to distribute cocaine, 28 grams or more of cocaine base, and heroin from 2004 through the fall of 2013 (Count One); possession with intent to distribute cocaine on or about May 31, 2013 (Count Two); and possession with intent to distribute cocaine on or about July 3, 2013 (Count Three). After a detention hearing, the magistrate judge filed an Order (Doc. #88) finding defendant should be detained without bond pending trial.

The Court has read the transcript of the detention hearing, and the Pretrial Services Report and its Addendum submitted to the

magistrate judge, as well as the filings by the parties.  The matter is before the Court pursuant to 18 U.S.C. § 3145, and the Court conducts an independent *de novo* review to determine whether the magistrate judge properly found that pretrial detention was necessary.  United States v. King, 849 F.2d 485, 490 (11th Cir. 1988).

The Superseding Indictment establishes probable cause to believe defendant committed a drug offense for which the rebuttable presumption of 18 U.S.C. § 3142(e)(3) applies.  All three offenses alleged against defendant are serious drug offenses, and Count Two carries a mandatory minimum penalty of five years imprisonment. The government has proffered significant evidence in support of the Indictment allegations.  Defendant's prior criminal history includes numerous arrests and, more importantly, convictions for misdemeanor possession of marijuana under twenty grams in 2005; smuggling contraband into a detention facility and possession of under twenty grams of marijuana in 2010; fraud and grand theft in 2010; and 42 civil traffic infractions or municipal ordinance violations.  Defendant has used controlled substances for a number of years.  Defendant lied to Pretrial Services during his initial interview about his drug use, asserting he had recently used only marijuana but tested positive for both marijuana and cocaine. Defendant is a life-long resident of Fort Myers, Florida, and estimates he has "about fifteen" children from "about eight"

different relationships.  He is currently in a relationship with a woman who is willing to serve as third party custodian and allow defendant to reside with her.  Defendant reports that he has been self-employed for the last eight years in the pressure washing business, from which he earns $300-$400 per month.  Defendant reports minimal assets and minimal expenses, other than delinquent child support payments.  After being indicted, and after the arrest of a co-defendant, defendant left the Fort Myers area and was arrested in Tampa, actions which are consistent with flight to avoid arrest.

The Court finds that defendant has not rebutted the presumption that there is no condition or combination of conditions available to reasonably assure that defendant is not a risk of flight or a danger to the community.  Therefore, the detention order is affirmed.

Accordingly, it is hereby

**ORDERED:**

Defendant's Motion to Revoke Detention (Doc. #102) is **DENIED.**

**DONE and ORDERED** at Fort Myers, Florida, this ___30th___ day of September, 2014.

JOHN E. STEELE
UNITED STATES DISTRICT JUDGE

Copies:
Counsel of Record

- 3 -